## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



April 1, 2024

**VIA CM/ECF**

    Re:   *In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.*, Adv. Proc. No. 23-50485

Dear Counsel:

When the debtor in the main bankruptcy case moved to sell its assets to the buyer, an *ad hoc* noteholder group objected to the sale, contending that the debtor did not own certain of the equipment it was purporting to sell. The Court overruled that objection, ruling that a dispute over the debtor's claim of ownership of certain assets did not preclude the debtor from selling its interest, whatever that interest may be, to a buyer. Whether the buyer actually obtained title to the assets at issue was a matter, the Court noted, that could be sorted out later.

The sale thereafter closed. The plaintiffs in this adversary (a group that largely overlaps with the membership of the *ad hoc* group that objected to the sale) then filed this adversary proceeding. They seek a declaration that the assets at issue, computer hardware used to mine cryptocurrency, belong to FSO 1 rather than the

*In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.,* Adv. Proc. No. 23-50485
April 1, 2024
Page 2

buyer.[1] FSO 1, it turns out, is a non-debtor affiliate of the debtors in these bankruptcy cases. The plaintiffs allege that they had made a loan to FSO 1 in order to finance FSO 1's purchase of the equipment at issue.

The defendants moved to dismiss the complaint, contending that this Court lacks subject-matter jurisdiction over the claim and that the complaint fails to state a claim for which relief can be granted. For the reasons set forth below, the Court will deny the motion. While the defendants offer a plausible explanation of the events under which the plaintiffs' claim may fail, the version of events set forth in the complaint is also plausible. As such, the complaint is sufficient to survive a motion to dismiss. To the extent the factual record developed in discovery supports the defendants' explanation of what transpired, that may properly be raised on a motion for summary judgment. A competing, plausible explanation of what transpired, however, provides no basis to dismiss an otherwise adequately pled complaint.

**Factual and Procedural Background**

The plaintiffs in this lawsuit lent approximately $2.4 million to defendant FSO 1 in the summer of 2021.[2] The operative complaint alleges that FSO 1 represented

---

[1] Defendant File Storage Ops 1 LLC is referred to as FSO 1.

[2] The facts set forth in this letter ruling are based on the allegations set forth in the Amended Complaint, D.I. 6, which are taken as true for purposes of this motion to dismiss under Rule 12(b)(6). The complaint alleges that the total loan was for approximately $6 million, $2.4 million of which is held by the plaintiffs. The complaint further alleges that the loan was secured by FSO 1's assets, but that the security interest has not been perfected. D.I. 6 at ¶¶ 21-22.

*In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.,* Adv. Proc. No. 23-50485
April 1, 2024
Page 3

that it would use the proceeds of that loan to acquire hardware used to mine a cryptocurrency known as Filecoin.

The debtors filed a bankruptcy petition under subchapter 5 of chapter 11 in June 2023. Along with the petition, the debtors also filed a motion seeking approval of a sale of substantially all of their assets to Silvermine, the proposed DIP lender.[3] The asset purchase agreement makes clear that the debtors were conveying to the buyers all of the debtors' "rights, title and interest in all of Sellers' properties, assets and rights of every nature…."[4] At the same time, the debtors made clear that the buyers were effectively obtaining a quitclaim deed, noting that they "have not conducted a full inventory of their assets and thus may not be able to immediately verify the quality, status, or possession of a particular asset."[5] Testimony from the buyer's representative at the sale hearing confirmed that Silvermine knew that the debtor's ownership of certain assets was subject to dispute, and that it would acquire in the sale on those assets that the debtors turn out actually to own.[6]

The plaintiffs contend that Silvermine now has physical possession of the equipment, which they contend the debtor had commingled with its own assets.[7] The

---

[3] Defendant KB Silver Funding, LLC is referred to as "Silvermine."

[4] D.I. 6 at ¶ 29.

[5] *Id.* ¶ 30.

[6] *Id.* ¶ 31.

[7] *Id.* ¶ 36.

*In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.,* Adv. Proc. No. 23-50485
April 1, 2024
Page 4

complaint seeks a declaration that FSO 1 owns the mining hardware in question and an injunction prohibiting the debtors from using it.

The defendants moved to dismiss the complaint, alleging that this court lacks subject-matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

**I.   This Court has subject-matter jurisdiction over the complaint.**

Bankruptcy courts have the authority to interpret and enforce their own orders.[8]  This case is, at bottom, a dispute about this Court's order approving the debtor's asset sale.  The plaintiffs bring this action to define the assets included in that sale order and enforce the provision that assets included in the sale order "shall not include any assets of the Debtors' non-Debtor affiliates."[9]  That is sufficient to establish the Court's subject-matter jurisdiction over this dispute, which effectively seeks to enforce the terms of that order.

**II.   The complaint states a claim for which relief can be granted.**

At the motion to dismiss stage, the Court must determine whether the complaint's factual allegations are sufficient to entitle the plaintiff, if the allegations are ultimately proven, to the relief sought.  The Federal Rules of Civil Procedure require only a "short plain statement of the claim showing that the pleader is entitled

---

[8] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 138 (2009).

[9] D.I. 6 ¶ 32 (quoting Sale Order at ¶ 7).

*In re File Storage Partners, LLC, et al.*, No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.*, Adv. Proc. No. 23-50485
April 1, 2024
Page 5

to relief."[10]  The pleading must provide the defendant with sufficient information that they are on notice of the conduct alleged in the case and, if proven true with all reasonable inferences drawn in their favor, lead to a successful claim.[11]

Courts in the Third Circuit follow a two-step analysis when considering a Rule 12(b)(6) motion.[12]  *First*, the Court should separate the factual and legal elements of a claim, accepting all well-pleaded facts as true while disregarding any legal conclusions.  *Second*, the Court must assess whether the facts alleged are sufficient to show a plaintiff has a plausible claim for relief.[13]

The plaintiffs' allegations here are sufficient to state a claim.  Fairly read, their complaint alleges that property in which they hold a security interest (albeit an unperfected one) has been transferred by the debtors to Silvermine.  If that has in fact occurred, it would be inconsistent with the terms of this Court's order.  The plaintiffs would thus be entitled to a declaration and an injunction providing that the order be respected.

In their motion to dismiss briefing and at argument before this Court, the defendants offer three reasons why the complaint should be dismissed.

---

[10] Fed. R. Civ. P. 8(a)(2) made applicable by Fed. R. Bankr. P. 7008.

[11] *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

[12] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

[13] *Id.* at 210-211.

*In re File Storage Partners, LLC, et al.*, No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.*, Adv. Proc. No. 23-50485
April 1, 2024
Page 6

*First*, the defendants allege that the Amended Complaint is insufficiently definitive because it fails to adequately define "Mining Hardware" or specify the precise equipment that they believe was owned by FSO 1 and now held by Silvermine.

That level of particularity, however, is not required in order to state a claim. Civil Rule 9 requires that a plaintiff plead with particularity when alleging the circumstances constituting fraud or mistake or when the plaintiff pleads for special damages.[14] The plaintiffs here do none of those things. This complaint is sufficient to provide the defendants with notice of the nature of the plaintiffs' allegations, which is what a complaint needs to do in order to survive a motion to dismiss.[15]

*Second*, the defendants allege that the complaint is insufficient because it fails to identify why FSO 1 is the owner of the Mining Hardware. It claims that the plaintiffs have not alleged that FSO 1 ever actually obtained Mining Hardware, and therefore, their claims fail.

The defendants' argument on this point effectively offers up an alternative explanation of events from that alleged in the complaint. Defendants contend that after FSO 1 received the proceeds of the loan from the plaintiffs, it then lent those funds to the debtors, in exchange for a promise from the debtors to repay the intercompany loan. Defendants assert that the debtors then took those proceeds and

---

[14] Fed. R. Civ. P. 9 made applicable by Fed. R. Bankr. P. 7009.

[15] *Evancho*, 423 F.3d at 351.

*In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.,* Adv. Proc. No. 23-50485
April 1, 2024
Page 7

used them to buy the Mining Hardware. Accordingly, the defendants say, FSO 1 is just a creditor of the debtors, not the owner of the Mining Hardware.

Defendants suggest that because this alternative explanation of what occurred is just as consistent with the factual allegations set forth in the complaint as is the plaintiff's theory, the reasoning of the Supreme Court's decision in *Twombly* requires that the complaint be dismissed.[16] The difficulty with this contention, however, is that, fairly read, the complaint alleges more than defendants acknowledge.

*Twombly* was an antitrust class action lawsuit brought against various telecommunications providers. The theory of the lawsuit was that incumbent large carriers agreed to charge high fees for telephone and high-speed internet services in order to prevent competition from smaller rival companies. The complaint's factual allegations regarding the existence of an agreement, however, was just that the defendants had charged the same prices. The question was whether such allegations of "parallel conduct" were sufficient to state an antitrust claim, which required proof of an agreement.

The Supreme Court held that it was not. While it is true that reasonable inferences from the facts as alleged must be drawn in favor of the plaintiff, the Court found that one could not infer the existence of an illegal agreement from parallel conduct. "Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise

---

[16] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

*In re File Storage Partners, LLC, et al.*, No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.*, Adv. Proc. No. 23-50485
April 1, 2024
Page 8

a reasonable expectation that discovery will reveal evidence of illegal agreement."[17] While parallel conduct was "consistent with" the existence of such an agreement, it was equally consistent with conduct that was lawful, since even "conscious parallelism" in pricing is not unlawful in the absence of an agreement.[18]

The defendants here argue that the allegations in the complaint were just as consistent with FSO 1 having lent the loan proceeds to the debtors as they are with FSO 1 having used those proceed to acquire the mining equipment.  Defendants thus argue that the inference that the equipment at issue was acquired by FSO 1 is implausible under *Twombly*.

But that is incorrect.  This complaint alleges that the notes issued by FSO 1 specifically represent that the company intended to use the loan proceeds "solely for the operation of the Company's business," which it defined as the "storage mining of Filecoin."[19]  The defendants' theory is that the proceeds of the notes were not, in fact used for operating FSO 1's business but were instead lent to the debtors.

Defendants' argument from *Twombly* therefore fails.  The point of *Twombly* is that where the underlying factual allegations are just as consistent with conduct that comports with the defendants' legal obligations as it is with conduct that would violate those obligations, one cannot "plausibly" infer that the defendant acted

---

[17] *Id.* at 556.

[18] *Id.* at 553-554.

[19] D.I. 6 at ¶ 24.

Case 23-50485-CTG    Doc 31    Filed 04/01/24    Page 9 of 10

*In re File Storage Partners, LLC, et al.,* No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.,* Adv. Proc. No. 23-50485
April 1, 2024
Page 9

unlawfully. The circumstances here are just the opposite. The complaint specifically alleges that the defendant was legally obligated to have acquired the Mining Hardware itself. Thus, unlike in *Twombly*, where the *plaintiff* argued that one should draw an inference that there was an illegal agreement to fix prices rather than permissible parallel conduct, here it is the *defendants* that are asking the Court to infer that FSO 1 used the loan proceeds in a manner that may have violated the terms of the Note. *Twombly* does not support the dismissal of this complaint.

*Finally*, the defendants claim the plaintiffs will not suffer any harm if relief is not granted, because there has not been a breach under the note. Although the plaintiffs allege that they have never received payment, the defendants claim that none of the payment obligations have come due. The defendants point to the text of the contract attached to the complaint, arguing that conditions precedent for payment never occurred, so the plaintiffs' right to payment (and rights in the secured property) never arose.

The Court does not believe that the plaintiffs are required to show that FSO 1 has defaulted on the note in order to state a claim. They are alleging that the debtor and FSO 1 transferred an asset in which they hold a security interest to Silvermine in violation of an order of this Court. That alleges sufficient injury to survive a motion to dismiss.

\* \* \*

*In re File Storage Partners, LLC, et al.*, No. 23-10877; *Alpha Sigma Capital Fund, et al. v. File Storage Partners, LLC, et al.*, Adv. Proc. No. 23-50485
April 1, 2024
Page 10

In holding the complaint sufficient to state a claim, the Court of course does not address the merits of defendants' argument on the facts. The defendants could certainly be right that FSO 1, in fact, lent the proceeds of the loan transaction to the debtors, who in turn used those proceeds to acquire the mining equipment. That is a matter, however, that is better raised in connection with a motion for summary judgment, after the plaintiffs have a reasonable opportunity to take discovery into the facts and after the Court is presented with an appropriate summary judgment record. The defendants' alternative factual story is not, however, an appropriate basis on which to dismiss the complaint under Rule 12(b)(6).

## Conclusion

For the reasons set forth above, the defendants' motion to dismiss will be denied. The parties are directed to settle a form of order.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge